UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-cv-11600

```
_____
                                        )
DAVID A. JENSON, as Trustee of the      )
PLATFORM 9 3/4 TRUST, DAWN OATES,       )
JUSTIN OATES, and H.O., a minor child,  )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )
                                        )
TOWN OF BROOKLINE,                      )
                                        )
            Defendant.                  )
                                        )
_____)
```

**ANSWER TO COMPLAINT OF DEFENDANT TOWN OF BROOKLINE**

The defendant Town of Brookline (hereinafter "Town") does not respond to the six

unnumbered introductory paragraphs as these do not conform to Fed.R.Civ.P. 10(b), which

provides, in part, that "[a] party must state its claims … in numbered paragraphs, each limited as

far as practicable to a single set of circumstances." To the extent that an answer is required, the

allegations in these paragraphs are denied.

1. Paragraph 1 states a legal conclusion to which no response is required.


2. The Town admits the allegations in Paragraph 2.


3. The Town admits that Mr. Jensen is a trustee of the Platform 9¾ Trust and that his principal

address is 27 Harvard Street, Brookline, MA 02445. The Town denies the remaining allegations

in Paragraph 3.

4. The Town admits the allegations in the first sentence of Paragraph 4. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

5. The Town admits that H.O. is a minor child and Massachusetts resident with quadriplegia, domiciled at 16 Hawes Street. The remaining allegation in Paragraph 5 set forth conclusions of law to which no response is required.

6. The first sentence of Paragraph 6 explains a convention used by the Plaintiff in the Complaint and does not require a response. The second sentence sets forth a conclusion of law to which no response is required.

7. The Town admits the allegations in Paragraph 7.

8. The Town admits the allegations in Paragraph 8.

9. The Town admits the allegations of Paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response is required. Further answering, the FHAA, ADA, and Rehabilitation Act speak for themselves.

11. Paragraph 11 states a legal conclusion to which no response is required. Further answering, the FHAA, ADA, Rehabilitation Act and cases cited speak for themselves.

12. Paragraph 12 states a legal conclusion to which no response is required. Further answering, the FHAA, ADA, and Rehabilitation Act speak for themselves.

13. Paragraph 13 states a legal conclusion to which no response is required. Further answering, the FHAA and cases cited speak for themselves.

14. Paragraph 14 states a legal conclusion to which no response is required. Further answering, the FHAA and cases cited speak for themselves.

15. Paragraph 15 states a legal conclusion to which no response is required. Further answering, the FHAA and the cases cited speak for themselves.

16. Paragraph 16 states a legal conclusion to which no response is required. Further answering, the FHAA, its legislative history and the cases cited speak for themselves.

17. Paragraph 17 states a legal conclusion to which no response is required. Further answering, the cases cited speak for themselves.

18. Paragraph 18 states a legal conclusion to which no response is required. Further answering, the FHAA speaks for itself.

19. Paragraph 19 states a legal conclusion to which no response is required. Further answering, the ADA and case cited speak for themselves.

20. Paragraph 20 states a legal conclusion to which no response is required. Further answering, the ADA speaks for itself.

21. Paragraph 21 states a legal conclusion to which no response is required. Further answering, the ADA speaks for itself.

22. Paragraph 22 states a legal conclusion to which no response is required. Further answering, the ADA and the case cited speak for themselves.

23. Paragraph 23 states a legal conclusion to which no response is required. Further answering, the Rehabilitation Act speaks for itself.

24. Paragraph 23 states a legal conclusion to which no response is required. Further answering, the Rehabilitation Act, the ADA, and the FHAA speak for themselves.

25. Paragraph 25 states a legal conclusion to which no response is required. Further answering, the case cited speaks for itself.

26. Paragraph 26 states a legal conclusion to which no response is required. Further answering, the Rehabilitation Act and case cited speak for themselves.

27. The Town admits that Plaintiffs requires relief from the Zoning By-Law to build a covered garage to provide H.O. with a safe, complaint ingress and egress to the home. The Town lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27.

28. The Town admits that there was no formal process for granting reasonable accommodations at the time Plaintiffs moved into their home. The Town denies the remaining allegations in Paragraph 28.

29. The Town admits the allegations in Paragraph 29.

30. The Town is without knowledge or information sufficient to form a belief about the truth of

the allegations in Paragraph 30.

31. The Town admits the allegations in Paragraph 31.

32. The Town lacks knowledge and information sufficient to form a belief about the truth of the weight of H.O.'s wheelchair. The Town admits the remaining allegations in Paragraph 32.

33. The Town admits the allegations in Paragraph 33.

34. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35. Paragraph 35 states a legal conclusion to which no response is required.

36. The Town denies the allegation in Paragraph 36.

37. The Town admits the allegations in Paragraph 37.

38. The Town admits the allegations in Paragraph 38.

39. The Town admits that the plans submitted show an addition that provides covered, accessible ingress and egress to the home, a garage for two specialty vehicles required to transport H.O, floor space to increase the size of a landing between two ramps, and a closet for medical supplies. The remaining allegations in Paragraph 38 are denied. By way of further explanation, the plans submitted show the accessible restroom and ramps located within the existing structure, not within the addition.

40. The Town lacks knowledge or information sufficient to form a belief about the truth of the

allegations in the first sentence of Paragraph 40. The Town admits the allegations in the second and third sentences.

41. The Town admits that the Plaintiffs must currently park their wheelchair-accessible vehicles outside. The Town lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41.

42. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43. The Town admits the allegations in the first sentence of Paragraph 43. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

44. The Town admits the home currently has a metal ramp that provides ingress and egress for H.O, which is exposed to the elements. The Town lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44.

45. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46. The Town admits that Plaintiff Dawn Oates has expressed concerns for the existing ramp grade and its immediate impact on H.O.'s health. The Town lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 46.

47. The Town lacks knowledge or information sufficient to form a belief about the truth of the

allegation that H.O. does not have safe, independent ingress and egress to their home. The Town denies the remaining allegations in Paragraph 47.

48. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51. The Town admits the allegations in Paragraph 51.

52. The Town denies the allegations in Paragraph 52.

53. The Town admits the allegations in the first sentence of Paragraph 53. The Town denies the remaining allegations.

54. The Town admits that it asked the Plaintiffs to apply for zoning relief for the project through the special permit process and that this occurred prior to October 21, 2020. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegation that this request was made in September 2020.

55. The Town denies that the special permit process is *per se* a lengthy, costly, and burdensome procedure, but admits that it can be. The Town admits the allegations in the second sentence. By way of further explanation, the Town recognizes that its special permit process may have to be

altered to comply with state and federal disability rights laws. The Town admits that its Zoning By-Law permits the Board of Appeals to impose counterbalancing amenities and to consider additional criteria, and that the application of these provisions could result in a violation of federal anti-discrimination law. The Town denies that the imposition/application of these standards would be *per se* a violation of federal anti-discrimination law. The Town admits the allegation in the final sentence of Paragraph 55.

56. Paragraph 56 states a legal conclusion to which no response is required. Further answering, the FHAA, ADA, Rehabilitation Act, and cases cited speak for themselves.

57. Paragraph 57 states a legal conclusion to which no response is required. Further answering, the FHAA, ADA, and Rehabilitation Act speak for themselves.

58. Paragraph 58 states a legal conclusion to which no response is required.

59. Paragraph 59 state a legal conclusion to which no response is required. Further answering, the FHAA and cases cited speak for themselves.

60. The Town admits the allegations in Paragraph 60.

61. The Town admits the allegations in Paragraph 61.

62. The Town denies the allegation in Paragraph 62.

63. The Town admits the allegations in Paragraph 63.

64. The Town denies the allegations in Paragraph 64. By way of further explanation, both the

Town and the Plaintiffs created the *ad hoc* process used to address the Plaintiffs' reasonable accommodation request. Moreover, neither of the two law firms representing Plaintiff during this process asked for or suggested that the Town was required to enact a policy or by-law. And under the time constraints to grant a reasonable accommodation, the Town could not have adequately developed a policy or enacted a by-law.

65. The Town denies the allegations in Paragraph 65.

66. The Town denies the allegations in Paragraph 66.

67. The Town admits the allegations in Paragraph 67.

68. The Town admits the allegations in Paragraph 68.

69. The Town admits the allegations in Paragraph 69.

70. The Town admits the allegations in Paragraph 70.

71. The Town admits the allegations in Paragraph 71. By way of further explanation, the Plaintiffs proposed the alternative of using an independent architect rather than seeking guidance from the Planning Board.

72. The Town admits the allegation in Paragraph 72. By way of further explanation, the Plaintiffs agreed to pay for the peer review architect at the time that they proposed this alternative.

73. The Town admits that the Building Commissioner received complaints from neighbors about the roof deck extending over the entire garage and determined it was neither part of the

reasonable accommodation request nor necessary and therefore did not allow it in the setbacks. The Town admits that it asked the peer review architect to review this change and that this contributed to Plaintiffs' costs. The Town admits that the architect's revised report concluded that a smaller roof deck would be unusable for H.O. The remaining allegations are denied.

74. The Town admits that the Building Commissioner and the Chair of the Disability Commission each visited the property. The Town lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74.

75. The Town admits the allegation in Paragraph 75.

76. The Town admits the allegations in Paragraph 76.

77. The Town admits the allegations in Paragraph 77.

78. The Town admits the allegation in Paragraph 78.

79. The Town denies the allegations in Paragraph 79. Further answering, the Town's records provide that the revised plans were submitted on October 4, 2022.

80. The Town lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 80.

81. The Town admits the allegations in Paragraph 81.

82. The Town denies the allegations in Paragraph 82.

83. The Town admits the allegations in Paragraph 83.

84. The Town denies the allegations in Paragraph 84.

85. The Town admits the allegations in Paragraph 85.

86. The Town admits the allegations in Paragraph 86.

87. The Town admits the allegations in Paragraph 87.

88. The Town admits the allegations in Paragraph 88.

89. The Town admits the allegations in Paragraph 89.

90. The Town admits the allegations in Paragraph 90.

91. The Town admits that it declined to join the Plaintiff's motion to dismiss. The Town denies the remaining allegations in Paragraph 91.

92. The Town admits the first sentence of Paragraph 92, except for the statement "contrary to federal law," which is a legal conclusion to which no response is required. The Town denies the allegations in the second sentence. In the third sentence, the Town denies that the court remarked that a tailored bylaw "would be laudable" but admits the remaining allegations therein.

93. The Town admits the first sentence of Paragraph 93. The Town denies the second sentence. Further explaining, the single justice opined that the existing special permit process "may well" provide an adequate process to reasonably accommodate the disabled child.

94. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 94. The second sentence states a legal conclusion to

which no response is required.

95. The Town denies the allegations in Paragraph 95.

96. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in first sentence of Paragraph 96. The Town denies the allegations in the second sentence.

97. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97.

98. The Town denies the allegations in Paragraph 98.

99. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99. Further answering, the Town recalls a colloquy with the court on this subject and agrees that it committed to creating a process. However, the Town cannot determine whether Plaintiffs' characterization of this colloquy is accurate.

100. The Town admits the Plaintiffs surrendered their building permit after their motion to dismiss was denied. The Town denies the remaining allegations in Paragraph 100.

101. The Town admits the allegations in Paragraph 101.

102. The Town admits that the Plaintiffs requested an on-street handicapped parking space while the Land Court litigation was proceeding in anticipation of construction of an accessible addition. The Town lacks knowledge for information sufficient to form a belief about the truth of the remaining allegations in Paragraph 102.

103. The Town admits the allegation in Paragraph 103.

104. The Town admits that it initially placed the space in front of 10 Beech Road and that the abutter opposed this placement. The Town lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence of Paragraph 104. The Town denies the allegations in the second sentence of Paragraph 104. By way of further explanation, a Select Board member was contacted by the abutter and this Select Board member, who had previously been a member of the Transportation Board and had experience locating handicapped parking spaces, went to Beech Road and then contacted Plaintiffs' attorney David Jensen and a member of town staff to suggest what he thought would be a suitable place for the parking space.

105. The Town denies the allegations in the first sentence of Paragraph 105. The Town admits the allegations in the second and third sentences. As for the fourth sentence, the Town admits that it conducted a turning analysis that was one page and included an illustration. The Town denies the remaining allegations in the fourth sentence. By way of further explanation, the turn study shows that in a certain situation, a 30-foot single unit truck would have to travel over a section of the curb to make a turn off of Beech Road and onto Hawes Street.

106. The Town denies the allegations in Paragraph 106.

107. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107.

108. The Town denies the allegations in the first sentence of Paragraph 108. The Town lacks

knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

109. The Town denies the allegation in Paragraph 109.

110. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110.

111. The Town denies the allegations in Paragraph 111.

112. The Town denies the allegations in Paragraph 112.

113. The first two sentences of Paragraph 113 state legal conclusions to which no response is required. The Town denies the allegations in the third sentence.

114. Paragraph 114 states a legal conclusion to which no response is required.

115. Paragraph 115 states a legal conclusion to which no response is required.

116. The first sentence of Paragraph 116 states a legal conclusion to which no response is required. As for the second sentence, the Town denies the characterization of demolition delays as "discretionary" but admits the remaining allegations.

117. Paragraph 117 states a legal conclusion to which no response is required.

118. The Town denies the allegations in the first sentence of Paragraph 118.

119. The Town denies the allegations in Paragraph 119.

120. The Town denies the allegations in Paragraph 120.

121. The Town denies the allegations in Paragraph 121.

122. The Town admits that the Commission on Disability was the only Town committee to unanimously vote to support the Plaintiff's proposed warrant articles and that the Commission is knowledgeable with regard to federal disability law and disability rights. The Town lacks knowledge and information sufficient to form a believe about the truth of the allegation the Commission is the Town entity with the most knowledge of federal disability law and disability rights.

123. The Town denies the allegations in Paragraph 123.

124. The Town denies the allegations in Paragraph 124.

125. The Town denies the allegation in Paragraph 125.

126. The Town admits that Town Meeting voted decisively in favor of Ms. Oates's proposed by-law. The Town denies the characterization that this was done over the Town's vocal objections. Further answering, at Town Meeting, like at any legislative proceeding, there were those who spoke in favor of and those who spoke against the proposed legislation.

127. The Town denies the allegations in the first and second sentence of Paragraph 127. As for the third sentence, the Town admits that Ms. Oates attended numerous public meetings about her warrant articles in the months leading up to Town Meeting, but the Town lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

128. The Town denies the allegations in Paragraph 128.

129. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129.

130. The Town denies that in 2020 it took no steps to provide for a reasonable accommodation process that would satisfy federal anti-discrimination law. The Town admits that at that time, the steps it took did not include drafting or implementing a by-law.

131. The Town denies the allegations in Paragraph 131. Further answering, the process took six months. This timeframe was enlarged in part because of the changes to the process requested by the Plaintiffs through their attorneys.

132. The Town denies the allegations in Paragraph 132.

133. The Town denies the allegations in Paragraph 133.

134. The Town denies the allegations in Paragraph 134.

135. The Town denies the allegations in Paragraph 135.

136. The Town denies the allegations in Paragraph 136.

137. The Town denies the allegations in Paragraph 137.

138. The Town denies the allegations in Paragraph 138.

139. The Town lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 139.

140. The Town denies that it delayed providing a reasonable accommodation. The Town lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 140.

141. The Town denies the allegations in Paragraph 141.

142. The Town denies the allegations in Paragraph 142.

143. The Town denies the allegations in Paragraph 143.

144. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 144.

145. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145.

146. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146.

147. The Town lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147.

148. The Town denies the allegations set forth in Paragraph 148.

## Count I

### Violation of the FHAA

149. The Town herein restates its responses to Paragraphs 1 through 148.

150. Paragraph 150 states a legal conclusion to which no response is required.

151. Paragraph 151 states a legal conclusion to which no response is required.

152. The Town denies the allegations in Paragraph 152.

153. The Town denies the allegations in Paragraph 153.

154. The Town denies the allegations in Paragraph 154.

155. The Town denies the allegations in Paragraph 155.

156. The Town denies the allegations in Paragraph 156.

157. The Town denies the allegations in Paragraph 157.

## Count II

### Violation of the ADA

158. The Town herein restates its responses to Paragraphs 1 through 157.

159. Paragraph 159 states a legal conclusion to which no response is required.

160. Paragraph 160 states a legal conclusion to which no response is required.

161. The Town denies the allegations in Paragraph 161.

162. The Town denies the allegations in Paragraph 162.

163. The Town denies the allegations in Paragraph 163.

## Count III

### Violation of the Rehabilitation Act

164. The Town herein restates its responses to Paragraphs 1 through 163.

165. The Town admits that it receives federal funding. The remaining allegations state a legal conclusion to which no response is required.

166. Paragraph 166 states a legal conclusion to which no response is required.

167. The Town denies the allegations in Paragraph 167.

168. The Town denies the allegations in Paragraph 168.

169. The Town denies the allegations in Paragraph 169.

## Count IV

### Declaratory Judgment

170. The Town herein restates its responses to Paragraphs 1 through 169.

171. The Town admits that H.O has quadriplegia. The remaining allegations in Paragraph 171 state a legal conclusion to which no response is required.

172. Paragraph 172 states a legal conclusion to which no response is required.

173. The Town admits the allegations in Paragraph 173. Further answering, the Plaintiffs have received reasonable accommodations from the Town's Zoning By-law.

174. The Town admits the allegations in Paragraph 174.

175. The first sentence of Paragraph 175 states a legal conclusion to which no response is required. The Town admits the allegations in the second sentence.

176. The Town denies the allegations in Paragraph 176.

177. The Town denies the allegations in Paragraph 177.

178. To the extent a response is required, the Town denies the allegations in Paragraph 178.

179. To the extent a response is required, the Town denies the allegations in Paragraph 179.

180. To the extent a response is required, the Town denies the allegations in Paragraph 180.

181.  The Town denies the allegations in Paragraph 181.

## **Affirmative Defenses**

1. The complaint fails to state a claim upon which relief can be granted.

2. The Town's actions were at all times justified and taken in good faith consistent with the laws of the Commonwealth of Massachusetts and the Federal Government.

3. The Plaintiffs have not suffered any actual deprivation of any rights secured by the federal or state constitutions or statutes.

4. The Plaintiffs have failed to mitigate their damages.

5. Plaintiffs' claims are barred by the statute of limitations.

6. Plaintiffs' claims are barred by their failure to raise them in prior court proceedings (res judicata).

7. Plaintiffs' claims are estopped based upon their prior positions and representations taken in court and otherwise.

8. Plaintiffs' claims are barred by laches.

9. The Plaintiffs have failed to join a necessary party.

10. The Plaintiffs waived their right to damages when they voluntarily relinquished the building permit and the reasonable accommodation granted by the Town.

## Jury Demand

Town of Brookline demands a trial by jury on all counts so triable.

Defendant Town of Brookline
By its attorney,

/s/ John J. Buchheit

_____
John J. Buchheit, Esq.
Office of Town Counsel
333 Washington Street, 6th Floor
Brookline, MA 02445
jbuchheit@brooklinema.gov
617-730-2190
BBO # 634717

July 11, 2025

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11, 2025.

/s/ John J. Buchheit
`
_____
John J. Buchheit