UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-11600-GAO

DAVID A. JENSEN, as Trustee of the PLATFORM 9¾ TRUST,
DAWN OATES, JUSTIN OATES, and H.O., a minor child,
Plaintiffs,

v.

TOWN OF BROOKLINE,
Defendant.

OPINION AND ORDER
March 12, 2026

O'TOOLE, D.J.

Plaintiffs Dawn and Justin Oates are parents of a child who has quadriplegia and uses a wheelchair. They have engaged in several years of advocacy and litigation against the defendant Town of Brookline to obtain what they claim to be reasonable accommodations from town zoning bylaws to proceed to renovate their Brookline home to construct a multi-purpose, accessible addition for the benefit of their child that does not conform to Brookline's by-laws governing minimum front and side yard setbacks and minimum percentage of usable open space. The complaint alleges that the Town of Brookline has violated the Fair Housing Amendments Act of 1988 (the "FHAA"), the Americans with Disabilities Act (the "ADA"), and Section 504 of the Rehabilitation Act by failing to create a legally compliant process through which it could receive and review requests for a proposed reasonable accommodation. The plaintiffs seek, in relevant part, an order that Brookline provide them with a reasonable accommodation from its zoning bylaws and concomitant declarations that Brookline has violated the FHAA, ADA, and Rehabilitation Act; that it may not force the plaintiffs to use the special permit or variance process

to request a reasonable accommodation from zoning bylaws; and, that Brookline must establish a legally adequate and compliant process for considering reasonable accommodations such as the ones sought by the plaintiffs. Specifically, they request an order that the Town "provide a permit . . . for the family to build the attached, covered, two-bay garage."[1] (Compl. ¶ 180.)

Robert and Cathleen Schoen, neighbors abutting the subject property, seek to intervene in this action under Rule 24(a) of the Federal Rules of Civil Procedure.[2] Rule 24(a), in relevant part, provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); see also T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 39 (1st Cir. 2020). Although each element must be fulfilled, the "inherent imprecision of Rule 24(a)(2)'s individual elements dictates that they 'be read not discretely, but together,' and always in keeping with a commonsense view of the overall litigation." Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998) (quoting United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 983 (2d Cir. 1984)). "Determining whether the necessary showings have been made requires a series of judgment calls—a balancing of factors that arise in highly idiosyncratic factual settings." Ungar v. Arafat, 634 F.3d 46, 51 (1st Cir. 2011).

---

[1] Since filing the present motion, the plaintiffs have moved to amend this paragraph of the complaint to more vaguely claim that they are entitled to, in relevant part, equitable, declaratory, and injunctive relief (dkt. no. 23). They have not otherwise dropped their request for a declaratory judgment nor disavowed the relief it previously requested more explicitly. The plaintiffs' request to amend is hereby granted, but contrary to the plaintiffs' contention, the proposed amendment does not moot the intervenors' motion.

[2] The abutters also move for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. While they could also likely intervene under Rule 24(b), it is unnecessary to reach the alternative argument in light of the following determinations.

There is no dispute that the request is timely. The parties do disagree, however, whether the abutters have a concrete interest in the action and whether the Town provides adequate representation of that interest.

The abutters' professed interest is sufficient. "There is no precise and authoritative definition of the interest required to sustain a right to intervene" under Rule 24(a)(2). Conservation L. Found. of New England, Inc. v. Mosbacher, 966 F.2d 39, 42 (1st Cir. 1992) (quotation omitted). However, the intervenor's claims "must bear a sufficiently close relationship to the dispute between the original litigants" and cannot be "too contingent or speculative—let alone . . . wholly nonexistent." Ungar, 634 F.3d at 51–52 (quotation omitted).

Among other arguments, the abutters advance their interest in the use of their neighboring property, which bears a sufficiently close relationship to the underlying dispute. The proposed addition does not conform to bylaws regarding front setbacks, side setbacks, and open usable space, and, according to intervenor counsel, may involve a two-story brick wall inches from the abutters' property line reaching to the sidewalk in front of the houses. "Abutter interest in the use of a property is well-settled." Nextel Commc'ns of Mid-Atl., Inc. v. Town of Hanson, 311 F. Supp. 2d 142, 150 (D. Mass. 2004) (citing Butts v. Zoning Bd. of Appeals, 464 N.E.2d 108, 111–12 (Mass. App. Ct. 1984)); accord Portland Cellular P'ship v. Inhabitants of Town of Cape Elizabeth, No. 2:14-cv-00274-JDL, 2015 WL 12990147, at *2 (D. Me. Feb. 3, 2015); cf. Varsity Wireless, LLC v. Town of Boxford, No. CV 15-11833-MLW, 2016 WL 11004357, at *5 (D. Mass. Sep. 9, 2016) (noting that abutters and immediate neighbors typically have been permitted to intervene in cell phone tower litigation). Where there is a realistic threat that the resolution of this pending action in the plaintiffs' favor will hinder or prevent the abutters' ability to effectuate their interest

3

in this use of the neighboring property, the abutters' interest in the unique factual circumstances of this case is sufficient to permit intervention.

Finally, as to the third element, the defendant Town of Brookline does not adequately represent the neighbor's interest in this litigation. "To demonstrate inadequate representation, a putative intervenor must show that no existing party fairly represents her interests." T-Mobile Ne. LLC, 969 F.3d at 39 (citing Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll., 807 F.3d 472, 475 (1st Cir. 2015)). "Where," as here, "the applicant seeks to intervene as a defendant and the existing defendant is a governmental entity, there is a rebuttable presumption that the government will defend adequately its action." Cotter v. Mass. Ass'n of Minority L. Enf't Officers, 219 F.3d 31, 35 (1st Cir. 2000) (citing Daggett v. Comm'n on Governmental Ethics & Election Pracs., 172 F.3d 104, 111 (1st Cir. 1999)); accord T-Mobile Ne. LLC, 969 F.3d at 39. The would-be intervenor's burden to overcome the presumption is not onerous: "[the] intervenor need only show that representation may be inadequate, not that it is inadequate." Conservation L. Found., 966 F.2d at 44.

Although there is some overlap in the objectives of Brookline and the abutters, specific aspects of the litigation support the abutters' claim of inadequate representation. The Town and abutters share a general common goal of defeating the plaintiffs' claims. However, while Brookline has an interest in defending itself from the plaintiffs' civil rights claims, its specific interests are not necessarily the same as those of the intervenors because the plaintiffs seek an order granting them what they define to be "reasonable accommodations," relief from the Town's permitting process, and a permit to build the addition that does not comply with setbacks from the abutters' property line. Brookline previously granted the plaintiffs a variance from the zoning bylaws, and it was the abutters who challenged the proposed renovation on appeal. This is therefore

4

unlike a case in which the Town has shown a "vigorous, no-holds-barred defense" of its actions. Compare T-Mobile Ne. LLC, 969 F.3d at 39. This is also unlike a case in which the defendant actively opposes the intervenor's involvement and otherwise professes to adequately represent the intervenor's interests. On the contrary, Brookline has explicitly taken no position on the motion to intervene, explaining that the Town tries to maintain neutrality in disputes between its neighbors. Furthermore, the plaintiffs themselves have injected the abutters into the litigation through numerous allegations in the complaint about their behavior and involvement.

Consequently, reading the elements together and in keeping with a commonsense view of the overall dispute, the Court finds that the abutters may intervene as of right so long as the plaintiffs pursue the current requested relief. See Fed. R. Civ. P. 24(a) (providing that a court "must permit" intervention where the enumerated elements are satisfied). As the case advances, the Court may fashion reasonable conditions on the abutters' involvement to efficiently manage the proceedings.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

5